IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON WADSWORTH and ) | |
| GLENN WADSWORTH, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16-00386-N |
| ) | |
| CAPITAL CIRCLE HOTEL ) | |
| COMPANY, INC. d/b/a Sleep Inn ) | |
| Gulf Front Hotel d/b/a Slidell Hotel ) | |
| Venture, ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court on the Plaintiffs' Second Motion for Leave of Court to Amend the Original Complaint and Add an Additional Defendant, Tidy Staffing Solutions, Ltd. (Doc. 20). The Plaintiffs represent that counsel for the Defendant has been contacted regarding the substance of the motion and "has no objection" to the Court granting it. Nevertheless, upon consideration, the Court finds the motion is due to be **DENIED**.

This action was removed to this Court from Alabama state court under 28 U.S.C. § 1441(a), with diversity of citizenship under 28 U.S.C. § 1332(a) being the sole basis alleged for original jurisdiction. (*See* Doc. 1). Per the Defendant's allegations in the notice of removal, which the Plaintiffs have not challenged, the natural person Plaintiffs are citizens of Alabama, while the Defendant corporation is a Florida citizen (as it was incorporated in that state and has its principal place of business there, *see* 28 U.S.C. § 1332(c)(1)). (Doc. 1 at 3 – 4, ¶ 7).

Though brought as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a)(2), the present motion is in substance a motion for joinder under Federal Rule of Civil Procedure 20, as it seeks to add an additional defendant, Tidy Staffing.[1] *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) ("Although Ingram styled her motion to add the City as a motion to amend her complaint pursuant to Fed. R. Civ. P. 15(a), this amendment amounted to a joinder, pursuant to Fed. R. Civ. P. 20[,]" where amendment solely sought to add an additional defendant.). Thus, "in determining whether to grant [the Plaintiffs'] motion, the [C]ourt [must] consider[] 28 U.S.C.A. § 1447(e), which provides: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Id.*

The Plaintiffs allege that Tidy Staffing is "a corporate entity located in the State of Ohio but doing business on a regular basis in Baldwin County, Alabama…" (*Id.* at 3). This allegation is insufficient to establish Tidy Staffing's citizenship for purposes of § 1332(a). If Tidy Staffing is indeed a corporation, as the Plaintiffs allege, then they must allege "every State and foreign state by which it has been incorporated and []the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). The Plaintiffs have alleged neither, instead

---

[1] Federal Rule of Civil Procedure 19 is inapplicable because, "as an alleged joint tortfeasor, [Tidy Staffing] is a 'dispensable' party." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 n.2 (11th Cir. 1998) (citing *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (citing Advisory Committee Notes to Fed. R. Civ. P. 19(a), which state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability"))).

identifying only states where it is allegedly "located" or "does business."

However, the use of the identifier "Ltd.," rather than "Inc.," suggests that Tidy Staffing is in fact an unincorporated entity.[2]  The rule for diversity jurisdiction is "that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization."  *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (per curiam) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).  *See also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) ("So long as … an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members." (reaffirming *Carden*)).  As such, "to sufficiently allege the citizenships of … unincorporated business entities, a party must list the citizenships of all the members" of those entities.  *Rolling Greens*, 374 F.3d at 1022.  *Accord Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam).  The Plaintiffs have not alleged this information either.

Under § 1447(e), a district court "ha[s] no discretion to add [a non-diverse party] as a defendant, retain jurisdiction and decide the case on the merits."  *Ingram*, 146 F.3d at 862.  Rather, when § 1447(e) applies, a district court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court."  *Id.*  Because the Plaintiffs have not provided sufficient information to determine the citizenship of proposed additional defendant Tidy Staffing for

---

[2] The "Business Name Search" tool on the website for the Ohio Secretary of State (http://www.sos.state.oh.us/sos/ (last visited Oct. 11, 2016)) reveals that the entity registered as Tidy Staffing Solutions, Ltd. is a limited liability company.

purposes of § 1332(a), the Court is unable to ascertain whether the joinder of Tidy Staffing will destroy diversity jurisdiction.[3]  Accordingly, it is **ORDERED** that the Plaintiffs' Second Motion for Leave of Court to Amend the Original Complaint and Add an Additional Defendant, Tidy Staffing Solutions, Ltd.  (Doc. 20), construed as a motion to join Tidy Staffing under Federal Rule of Civil Procedure 20, is **DENIED**.

    **DONE** and **ORDERED** this the 11th day of October 2016.

> _/s/ Katherine P. Nelson_
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[3] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking … [A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* at 409-10. *See also Ingram*, 146 F.3d at 861-63 (raising issue of diversity-destroying joinder under § 1447(e) for the first time on appeal).